1
2
3
4
5
6                **UNITED STATES DISTRICT COURT**
7                    **DISTRICT OF NEVADA**

8  JOSE ALBERTO CAMPOS RODRIGUEZ,   )
9             Plaintiff,      )
                       )        3:15-cv-00210-RCJ-VPC
10      v.                  )
11  BRIAN SANDOVAL, ADAM LAXALT,   )      **ORDER**
    JAMES COX, ISIDRO BACA,        )
12  ROD MOORE,               )
                       )
13          Defendants.     )
                       )
14  _____

15        This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Jose

16  Alberto Campos Rodriguez.  On October 26, 2015, this Court issued an order directing

17  Plaintiff to file an updated address within thirty days.  (ECF No. 3 at 1:26-27).  The thirty-day

18  period has now expired, and Plaintiff has not filed an updated address or otherwise responded

19  to the Court's order.

20        District courts have the inherent power to control their dockets and "[i]n the exercise

21  of that power, they may impose sanctions including, where appropriate . . . dismissal" of a

22  case.  *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

23  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

24  action, failure to obey a court order, or failure to comply with local rules.  *See Ghazali v.*

25  *Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik*

26  *v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)  (dismissal for failure to comply with an

27  order requiring amendment of complaint);  *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.

28  1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court

        apprised of address);  *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)

1    (dismissal for failure to comply with court order);  *Henderson v. Duncan*, 779 F.2d 1421, 1424

2    (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

3         In determining whether to dismiss an action for lack of prosecution, failure to obey a

4    court order, or failure to comply with local rules, the court must consider several factors: (1)

5    the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

6    docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

7    cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d

8    at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-

9    61; *Ghazali*, 46 F.3d at 53.

10        In the instant case, the Court finds that the first two factors, the public's interest in

11   expeditiously resolving this litigation and the Court's interest in managing the docket, weigh

12   in favor of dismissal.  The third factor, risk of prejudice to Defendants, also weighs in favor of

13   dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in

14   filing a pleading ordered by the court or prosecuting an action.  *See Anderson v. Air West*, 542

15   F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition of cases

16   on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.

17   Finally, a court's warning to a party that his failure to obey the court's order will result in

18   dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;

19   *Malone*, 833 F.2d at 132-33;  *Henderson*, 779 F.2d at 1424.  The Court's order requiring

20   Plaintiff to file an amended complaint within thirty days expressly stated: "IT IS FURTHER

21   ORDERED that Plaintiff's failure to timely comply with this order will result in a report and

22   recommendation to the District Court to dismiss this action with prejudice."  (ECF No. 3 at 2:1-

23   2).  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance

24   with the Court's order to file an updated address within thirty days.

25

26

27   ///

28

2

1    ///

2

3         It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's

4 failure to file an updated address in compliance with this Court's October 26, 2015, order.

5         It is further ordered that the motion to proceed *in forma pauperis* (ECF No. 1) is denied

6 as moot.

7         It is further ordered that the Clerk of Court shall enter judgment accordingly.

8

9       DATED this 25th day of January, 2016.

10

11                                 _____

12                         UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3